FILED
UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING
4:42 pm, 12/20/22
U.S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MICHAEL PEEPLES,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL SHOEMAKER; JLAZY TRUCKING, LLC LANCE DAWSON; LESSORS, INC.; and DOES I-X,<br><br>Defendants. | Case No. 22-CV-229-KHR |

**ORDER DENYING DEFENDANTS MOTION TO DISMISS [6] AND QUASHING SERVICE OF PROCESS PRIOR TO NOVEMBER 21, 2022**

Before the Court is Defendants Lance Dawson and Lessors, Inc.'s Motion to Dismiss. (ECF No. 6). Defendants argue Plaintiff has yet to effectuate proper service of process on either Defendant. Plaintiff does not argue that proper service has been effectuated, but that Defendants' Motion is premature and good cause exists to extend the 90 day deadline. The Court, being fully advised, finds good cause exists to extend the deadline for service of process.

**BACKGROUND**

This action was initially filed on September 14, 2022, in the District Court for the Third Judicial District of Wyoming in Uinta County, Wyoming. (ECF No. 2, at 1). The case was subsequently removed to this Court based on diversity jurisdiction.

Generally, Plaintiff's claims stem from an auto-collision on Interstate 80 in Uinta County, Wyoming. (ECF No. 2). Plaintiff brings various tort claims against four parties. Two of those parties, Daniel Shoemaker and J Lazy J Trucking LLC, filed an answer to Plaintiff's claims on October 12, 2022, while the case was still in state district court and are not party to the present Motion. Defendants Lance Dawson and Lessors Inc. filed the instant Motion citing ineffective service of process.

## RELEVANT LAW

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides a party may assert the defense of insufficient service of process by motion. "Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of suit asserts jurisdiction over the person of the party served." *Omni Capital Intern., Ltd. V. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (internal citations and quotations omitted). Simply put, service of process is a prerequisite for a court to exercise personal jurisdiction over a party.

The proper procedure for service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. An individual, other than a minor or incompetent person, within a judicial district of the United States may be served by following the state law of the court or where the person is to be served, delivering a copy of the summons and complaint to the individual personally, leaving a copy of the summons and complaint at the person's usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of the summons and complaint with an agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(e). A corporation, partnership, or association

within the United States may be served in a judicial district in the United States in the same manner as described by Rule 4(e) or by delivering a copy of the summons and complaint to an officer, managing or general agent, any other agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(h).

## RULING OF THE COURT

Defendants initially filed the instant Motion with the Third Judicial District of Wyoming relying on the Wyoming Rules of Civil Procedure rather than the Federal Rules of Civil Procedure. However, these rules generally mirror each other, and the Court will rule on the Motion as if Defendants cited to the Federal Rules of Civil Procedure.

Defendants argue, and Plaintiff does not dispute that, neither Lance Dawson nor Lessors, Inc. have been properly served. As this does not appear in dispute, the Court will assume that proper service of process has not been accomplished. Notwithstanding this fault, Plaintiff argues that Defendants' motion to dismiss is premature and good cause exists to extend the time limit for proper service of process.

"A 12(b)(5) motion differs from other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of action—quashing the process without dismissing the action—other than simply dismissing the case." *Moomy v. Express Messenger Systems, Inc.*, No. 2:21-cv-575-DAK-JCP, 2021 WL 5772268, at *2 (D. Utah Dec. 6, 2021) (internal citations and quotations omitted). The Tenth Circuit has noted "when a court finds that service is insufficient, but curable, it generally should quash the service and give the plaintiff an opportunity to reserve the defendant." *Pell v. Azar Nut Co.,*

*Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983). This directive comports with the language of Rule 4(m).

"If a party is not served within 90 days after the complaint is filed, the court—on motion or its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Certainly, if the 90 days has yet to expire a plaintiff should have another opportunity to accomplish effective service of process. Here, Defendants filed their motion to dismiss on November 4, 2022, 51 days after Plaintiff filed his complaint.[1]

Additionally, Rule 4(m) allows a court to extend the time for service if the plaintiff shows good cause for the failure. In his Response, Plaintiff lists the multiple attempts he has made to accomplish service of process on Lance Dawson and Lessors, Inc. (ECF No. 12). Plaintiff's failures are not due to lack of diligence, but rather Defendant Dawson's work schedule as a truck driver and the inability to locate a proper representative for Defendant Lessors, Inc. *Id.* Accordingly, the defects are curable and good cause exists to grant Plaintiff additional time to accomplish service of process. Plaintiff shall have an additional 30 days from the date of this order to properly serve Defendants Lance Dawson and Lessors, Inc. with a summons and complaint. Attempts by Plaintiff previous to November 11, 2022,[2] are quashed.

[1] The Court notes that at the time this Order was entered, the 90 day deadline has passed. However, Defendants still filed their Motion to Dismiss 29 days before Plaintiff was required to accomplish effective service of process.
[2] The date Defendants Lance Dawson and Lessors, Inc. filed the instant Motion.

## CONCLUSION

Generally, a plaintiff must accomplish service of process within 90 days of filing a complaint. Fed. R. Civ. P. 4(m). However, where good cause exists, a court may extend the time frame that a plaintiff must serve a summons and complaint on a defendant. *Id.* Good cause exists here to extend the 90 day time frame.

NOW, THEREFORE, IT IS ORDERED Defendants Lance Dawson and Lessors, Inc.'s Motion to Dismiss is DENIED.

IT IS FURTHER ORDERED Plaintiffs attempts at service of process on Defendants Lance Dawson and Lessors, Inc. prior to the filing of their Motion to Dismiss are QUASHED.

IT IS FURTHER ORDERED Plaintiff shall have an additional 30 days from the date of this order to accomplish service of process.

Dated this 20th day of December, 2022.

Kelly H. Rankin
United States Magistrate Judge